[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS CONCERNING ALIMONY AND SUPPORT
On June 18, 1998 the court, Shortall, J., suspended the defendant's obligations to pay child support and alimony pending a further hearing. Ostensibly, this was done because the defendant was unemployed and claims to suffer a bi-polar disorder.
On August 3, 1998, this court heard both pro se litigants. As a result, the court finds the following facts:
The parties have two children, Brent and Leah, ages thirteen and eleven respectively. The file is chock full of restraining orders against each party and voluminous motions. There are nearly forty motions filed and numerous court actions since the parties brought the matter of their divorce to our court in 1993. Four judges have ruled on their various disputes. Suffice it to say, neither of the parties acted fully responsibly as parents during their break-up period. Police were called by both on the other.
The present dispute, which brings the plaintiff mother up from Florida where she resides with their two children, involves the defendant father's failure to pay alimony and support. Father claims that he is unemployed, suffers a bi-polar disorder and is appealing the federal government's denial of his application for social security benefits.
He presents as a physically healthy individual, well-mannered, intelligent and well dressed. His financial papers indicate that within two weeks before requesting the court, Shortall, J., to suspend his alimony and support payments, he had over $26000 in his credit union account. He spent over $18000 in 48 hours to pay his bail bondsman, an insurance company, (apparently, for damage he did to his family home, which amount he chose to pay lump sum rather than in monthly installments) and to repay a debt to his parents.
Another document indicates that he voluntarily relinquished his employment with the Waterbury Fire Department as a lieutenant, earning in excess of $50000 per year. A further CT Page 8862 document from John M. de Figueiredo, M.D., Sc.D. indicates that he is on medication for bi-polar disorder. The doctor does not say that he is unable to work, which is consistent with the findings of the Social Security Administration. The doctor indicates that this letter was "being written at Mr. Moliengo's request."
The court finds that the defendant voluntarily diminished his income. He has a substantial earning capacity and failed to seek remedies available through the Waterbury Fire Department such as desk work, etc. Further, the funds he distributed within the last sixty days were related to his own misconduct.
The payment schedule is activated, and he is ordered to pay $230 per week for child support and $62.50 per week for alimony. The court finds the arrearage to be $3000. The defendant is ordered to pay $25 per week on that arrearage.
By the court,
Gill, J.